**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Howard R. Tallman**

| | |
|---|---|
| **In re:** | ) |
| | ) |
| **JOHN RORY MANNING and** | ) **Case No. 10-23188 HRT** |
| **JULIE ALESS MANNING,** | ) **Chapter 7** |
| | ) |
| **Debtors.** | ) |
| | ) |

**ORDER ON MOTION FOR CONTEMPT**

This case comes before the Court on Debtor Julie Manning's *Verified Motion for an Order of Contempt of Court Order* (docket #33) (the "Motion").

The Court held a non-evidentiary hearing in this matter on May 15, 2012, and has reviewed the pleadings and briefs filed in this matter as well as the arguments of counsel at hearing. Those facts necessary for decision are not disputed by the parties.

I.  FACTS

James and Marguerite Herb filed their *Verified Amended Complaint* (the "Complaint") in the District Court for Jefferson County, Colorado, (the "State Court") against John Manning and Julie Manning, a/k/a Julie Young, in Case No. 2011CV3839 (the "State Court Action") based on a transaction entered into by the parties on or about February 2, 2005. The transaction documents include a Residential Real Estate Contract and a Lease Agreement with Option to Purchase. The real property that is the subject of the parties' dispute is 10515 W. Noddle Mtn., Littleton, Colorado (the "Property").

The Mannings filed their bankruptcy petition under chapter 7 on May 27, 2010. It is undisputed that the Mannings failed to list their executory agreements with the Herbs on Schedule G and that the Herbs never appeared on the mailing matrix for notices of proceedings in the Mannings' bankruptcy case.

The Complaint in the State Court Action alleges numerous causes of action but all are premised on breach of agreement with the Herbs by the Mannings and on alleged damage to the Property.

Included within the Complaint is a request for the State Court to enter a declaratory judgment. The Herbs acknowledge that a controversy exists with respect to the extent to which their claims against the Mannings were discharged in the Mannings' bankruptcy case and they seek a declaratory judgment from the State Court on that issue.

ORDER ON MOTION FOR CONTEMPT
Case No. 10-23188 HRT

## II.  DISCUSSION

Mrs. Manning asks the Court to issue an order to show cause to the Herbs and their counsel, Stephen Joynt and Thomas Bell, why they should not be held in contempt for violation of 11 U.S.C. § 524 – the discharge injunction – on account of their filing of the State Court Action.  But, the Mannings' failure to schedule their obligations to the Herbs raises an issue of whether or to what extent their obligations to the Herbs were discharged under 11 U.S.C. § 523(a)(3).  Because the State Court shares concurrent jurisdiction with the federal courts to determine dischargeability of a debt under either § 523(a)(3)(A) or (B), the Herbs have not violated § 524 by invoking the proper jurisdiction of the State Court and an order to show cause will not issue.

The chapter 7 trustee in the Mannings' bankruptcy case recovered no assets for distribution to creditors, therefore, the lack of notice to a creditor whose debt is "*not* of a kind specified in paragraph (2), (4), or (6)" of § 523(a) is not a bar to discharge.  11 U.S.C. § 523(a)(3)(A) (emphasis added).  *See, e.g., In re Nielsen*, 383 F.3d 922, 925-27 (9th Cir. 2004).  However, the State Court Complaint makes allegations of debts that *are* of a kind specified in § 523(a)(2), (4) or (6) and it also makes allegations that the Mannings owe debts to the Herbs that arose post-petition.  It alleges that rent for the Property was not paid post-petition and that the Herbs incurred expenses post-petition in their eviction of Mrs. Manning and clean-up of the property.  Such post-petition obligations, if proved, are not subject to the Mannings' discharge.  In addition, the State Court Complaint makes allegations of willful and malicious injury.  That is a debt that, if proved, is nondischargeable under § 523(a)(3)(B) because the Herbs were not listed in the Mannings' schedules and the debt is "of a kind" that is nondischargeable under § 523(a)(6).

One or both of the Mannings continued in possession of the Property post-petition.  Even if the obligations under the pre-petition agreements with the Herbs terminated by operation of the bankruptcy case, that does not leave the Herbs without a remedy based on the post-petition occupation of the Property.  At minimum, if the State Court accepts that all obligations to the Herbs under the pre-petition agreements have been discharged, Colorado law with respect to holdover tenants impresses an obligation to pay for the holdover tenancy.  *See, e.g., First Interstate Bank v. Tanktech, Inc.*, 864 P.2d 116, 120 (Colo. 1993).  Thus, the Court is satisfied that the State Court Complaint makes a colorable claim for post-petition damages that is unaffected by the Mannings' discharge.

Moreover, even if the Herbs' State Court Complaint made no claim to post-petition damages, it does make claims of nondischargeability that are cognizable under § 523(a)(3)(B).  The State Court enjoys jurisdiction, concurrent with the federal courts, to determine if any of those obligations are nondischargeable under 11 U.S.C. § 523(a)(3)(B).  *In re Jenkins*, 330 B.R. 625, 630-31 (Bankr. E.D. Tenn. 2005) (holding that an unlisted creditor need not seek relief from the § 524 discharge injunction to pursue a pre-petition claim for willful and malicious injury in

Page 2 of 4

ORDER ON MOTION FOR CONTEMPT
Case No. 10-23188 HRT

state court); *In re Strano*, 248 B.R. 493, 495-96 (Bankr. D. N.J. 2000) ("bankruptcy courts share jurisdiction with other courts to determine whether a 'debt is of a kind specified in paragraph (2), (4), or (6) of this subsection [523(a)].'") (citing 11 U.S.C. § 523(a)(3)(B)); *In re McGregor*, 233 B.R. 406, 408 (Bankr. S.D. Ohio 1999) ("Bankruptcy courts and state courts share concurrent jurisdiction to determine the dischargeability of debts based on a debtor's failure to schedule a debt under 11 U.S.C. § 523(a)(3)(B).").

In the case of *In re Massa*, 217 B.R. 412 (Bankr. W.D. N.Y. 1998) *aff'd* 1998 WL 34256560 (W.D. N.Y. 1998) *aff'd* 187 F.3d 292 (2d Cir. 1999) the bankruptcy court explained:

> [I]f a debt . . . alleged to have been incurred by fraud (a "Fraud Debt") is properly scheduled, it can be determined to be nondischargeable pursuant to Section 523(a)(2) only by the bankruptcy court.  However, once a debtor fails to schedule a creditor, and that creditor holds a debt "of a kind specified in" Section 523(a)(2), (4), (6) or (15),[1] it becomes possible for that debt to be determined to be nondischargeable, not only pursuant to the above subsections, but pursuant to Section 523(a)(3)(B).  Furthermore, when such a Fraud Debt is not scheduled, not only can a determination of nondischargeability flowing from Section 523(a)(3)(B) be made by the bankruptcy court, it can also be made by an appropriate state court which has concurrent jurisdiction to make such a Section 523(a)(3)(B) determination.

*Id*. at 419.

An earlier case out of this district held to the contrary.  The case of *In re Padilla*, 84 B.R. 194 (Bankr. D. Colo. 1987), held that the bankruptcy court's exclusive jurisdiction to hear claims of nondischargeability under 11 U.S.C. § 523(a)(2), (4) or (6), pursuant to § 523(c) also extended to claims of nondischargeability for certain types of unscheduled debts under § 523(a)(3)(B).  But the Court must disagree with *Padilla*.

Title 28 U.S.C. § 1334 dictates federal jurisdiction over bankruptcy matters.  It sets out the general rule of concurrent jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).  Section 523(c) creates an exception to that general rule of concurrent jurisdiction by requiring a bankruptcy court determination of dischargeability under § 523(a)(2), (4) or (6).  11 U.S.C. § 523(c)(1).  But, at the same time, § 523(c)(1) excludes those determinations based on debts of a kind specified in § 523(a)(2), (4) or (6) when that determination is being made under § 523(a)(3)(B).  11 U.S.C. § 523(c)(1).  *In re Franklin*, 179 B.R. 913, 920-21 (Bankr. E.D. Cal. 1995).  As a consequence,

---

[1] The inclusion of a debt under 11 U.S.C. § 523(a)(15) in the court's discussion is based on a prior version of § 523(a)(3)(B).

ORDER ON MOTION FOR CONTEMPT
Case No. 10-23188 HRT

any determination of dischargeability of a debt under § 523(a)(3)(B) may be made in a state court even if it involves fraud, breach of fiduciary duty or willful and malicious injury that would have been under the exclusive jurisdiction of the bankruptcy court if the creditor had been properly scheduled under § 521(a)(1).

Mrs. Manning's Motion must be denied because the Herbs cannot be in contempt of this Court's discharge order by invoking the proper jurisdiction of the State Court to adjudicate dischargeability of debts under 11 U.S.C. § 523(a)(3)(B).  Therefore, it is

**ORDERED** that Debtor Julie Manning's *Verified Motion for an Order of Contempt of Court Order* (docket #33) is DENIED.

Dated this  19th  day of June, 2012.

**BY THE COURT:**

Howard R. Tallman, Chief Judge
United States Bankruptcy Court